Conway B, J. This was an action of assumpsit determined in the Pulaski circuit court. Adams sued on a medical bill amounting to $195 50, and an account for $570, paid the Bank of the State of Arkansas as security for the decedent. By consent of parties the case was tried by the court setting as a jury. The finding and judgment were for Adams. The administrator moved for a new trial on the ground that the finding and judgment of the court were contrary to law and evidence. The new trial was refused and the administrator excepted and has brought the case here on writ of error. At the threshold a preliminary question is presented for our decision. The defendant alleges that plaintiff’s bill of exceptions does not purport to set forth all of the evidence given in the case and objects to the inquiry whether the finding was authorized by the testimony his bill presents. A bill of exceptions taken on the court’s refusal to grant a new trial must satisfactorily show that it contains all the testimony introduced in the cause. But it is not necessary that it should avouch in exact words that “this was all of the testimony in the case.” It is sufficient if it appear from the language used that the whole evidence is given. The bill of exceptions here, after setting forth the evidence of two witnesses, says “upon this testimony the parties submitted the case to the court.” This language certainly excludes the idea of any other testimony having been given, and clearly imports that it was all the evidence before the court on the trial. It devolves upon us then to determine whether the testimony on record warrants the finding and judgment of the court. John H. Crease testified “that while he was receiver in the State Bank during the year 1843, Adams was security for James Danley on a note of $500 payable to said bank; that Adams, in the fall of said year, paid off and satisfied the bank for the amount of said note by paying $70, in the notes or bills of, said bank, as curtail and interest, and assuming the payment of $500, by executing his note to said bank in the usual form of notes made payable to the bank, payable in dollars; that the bills of said bank, at the time said debt was discharged, were at a discount of fifty per cent; and that the notes or paper issues of said bank were received by the bank in payment of debts due her at their nominal value.” F. W. Trapnall testified “that the notes or bills of said bank were, at no time during the year 1843, worth more than fifty cents on the dollar, and probably some portion of the time worth less than that.” Upon this testimony the case was submitted to the court; and the court found for Adams, $836 87 cents with interest thereon at six per cent from the 30th of May 1845 until paid. In j ustification of the amount of this verdict, it is said, Adams’ medical bill was admitted without proof, and by adding that to the sum proved, would authorize the finding of the court. There is no statement on the record of any such admission, and we cannot take cognizance of facts dehors the record. But allowing that the medical bill was admitted as proven, still the verdict would be for too much. Adams, by discharging the debt, only entitled himself to indemnity out of the decedent’s estate. He could not make it a matter of speculation. He sued in an equitable action, and should only recover what justice would give him. The proof was plain and simple, and fully developed the rights and liabilities of the parties. It showed that defendant was decedent’s security on a note to the bank for $500, and that he took it up by paying $70 in the bank’s paper, and giving her his own note for $500 in the usual form of notes to the bank, and that at the time this was done, the bank’s paper was much depreciated, worth only half its nominal value, but received by the bank at par (as she has always been bound to do) in discharge of all her dues. Adams having given his note instead of paying the money or bank bills is no objection to his recovery. For the bank accepted the note in satisfaction of the decedent’s debt. His satisfaction of it was all that was necessary to entitle him to his action; but the reason is, it is considered a payment. Bonny vs. Seely, 2 Wend. R. 482. Neale vs. Newland, 4 Ark. R. 506. If a payment, how much money, or money’s worth was paid? The proof clearly establishes that at the time the defendant discharged the note, the bills of the bank were worth in cash only one half their nominal value, and the payment must he considered as made in them or their worth; therefore the finding should have been for one half of the $570, with ten per cent interest per annum thereon from the time defendant satisfied the bank for the debt of decedent. Rev. Stat. ch. 137, sec. 4. Wc think the court erred in refusing a new trial. The judgment is therefore reversed and the case remanded with instructions to the circuit court to grant the administrator á new trial','and .proceed therein not inconsistently with this'opinion.